State ex rel. Moss & Co. vs Judge.

No. 10,098.

THE STATE EX REL H. MOSS & CO. VS. S. CHAS. YOUNG, JUDGE OF THE
NINTH DISTRICT COURT.

Where numerous suits have been instituted against a common debtor by a number of cred-
itors, accompanied in some cases by attachments and in others by sequestrations, and
the property seized under the writs has been sold by written consent of all parties,
and the funds are in the hands of the sheriff, the debtor cannot be permitted to release
the seizures and take the funds in his possession upon executing his bond (one bond)
wherein the agreement for the sale signed by him it is expressly stipulated "that the
proceeds of the sale shall remain in the hands of the sheriff subject to the claims,
rights, liens and privileges of the seizing creditors." Whatever may have been his
legal rights, the agreement became the law to him

APPLICATION for Mandamus.

*C. J. & J. S. Boatner* and *Alfred Goldthwaite* for the Relators.

*H. L. Lazarus* for the Respondent.

The opinion of the Court was delivered by.

TODD, J. There were instituted against the relators, in the District
Court of the parish of Tensas, nineteen attachment and ten sequestra-
tion suits. Their property was all attached and part of it seques-
tered. It consisted mainly of a large stock of merchandise.

By agreement between the seizing creditors and the relators (de-
fendants in the several suits), the property was sold and the proceeds
received by the sheriff, who still holds them.

At this stage of the proceedings the relators applied to the judge of
the court, Hon. S. Charles Young, for leave to bond the property and
have the same released to them. This application was opposed by a
number of seizing creditors, and the judge refused to grant the same.
Thereupon the relators applied to this Court for a mandamus to
compel him to do so, and this is the proceeding before us.

The judge, in answer to the preliminary order requiring him to
show cause for his refusal complained of, after reciting the number of
the suits before him, the conflicting character of the claims therein
prosecuted, expresses a doubt whether one bond executed by the re-
lators would afford the proper security for all the creditors, and fur-
ther points to the written agreement of the parties (including the re-
lators) as being opposed to the right claimed by the relators to be put
in possession of the property or its proceeds.

State ex rel. Moss & Co. vs. Judge.

The clause in the agreement referred to, bearing on this point, is as follows:

" It is further agreed that the proceeds of said sale shall remain in the hands of the sheriff, subject to the claims, rights and liens of the various alleged creditors, it being [agreed that this agreement is in no way to affect, waive or prejudice the claims, rights, liens and privileges of the various alleged seizing creditors, and that each party shall have the right to assail and contest the claims, writs, liens and privileges set up by all other parties as fully and completely as they now have and can."

The application to bond was strenuously opposed by the seizing creditors upon the ground of this agreement. They urged that it was on the faith of the understanding that the funds were to remain in the hands of the sheriff that they consented to the sale of the property *pendente lite*.

Considering the number of suits, the conflict among the creditors as to their respective rights, and considering further that, with the funds in court, these rights of the contending creditors could not only be determined but realized and satisfied in the present proceeding so far as the funds went, but with the funds withdrawn, and a bond substituted for them, after such determination of their rights in the present proceeding they must necessarily be relegated to what might prove a protracted, uncertain and complicated litigation on the bond, it is manifest that this clause in the agreement must have been regarded by the parties—and was entitled to be so regarded—as an important and controlling feature therein.

The relators bound themselves that, when the property was sold, its proceeds should remain in the hands of the sheriff, subject to the judgment to be rendered in determining their respective rights thereto.

In view of this obligation of the relators and its materiality touching the interests of the opposing litigants, we can come to no other conclusion than that this agreement was virtually a renunciation of any right or privilege on the part of the relators to withdraw those funds from the sheriff's custody and assume the control and disposition of them by means of the bond proposed. To do so would certainly contravene their plain, positive agreement.

Whatever the legal right of the relators was, apart from this agreement, the agreement became the law to all the parties thereto, and by its terms they must abide.

Thus concluding, we think the judge *a quo* was right in refusing

permission to the relators to execute the bond proposed and take the funds in question into their possession and control.

It is therefore ordered that the provisional restraining order heretofore issued be set aside and annulled, and the madamus refused at the cost of the relators.